Bradley P. Hartman (#017263)
John D. Titus (#012912)
**HARTMAN TITUS PLC**
7114 E. Stetson Drive, Suite 205
Scottsdale, AZ  85251-3250
Phone: (480) 659-0019
Fax: (480) 659-3304
Email: bhartman@hartmantitus.com
       jtitus@hartmantitus.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Plexus Worldwide, LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>Rex Powers, an individual also known as Willie Blackjack and doing business as Live Reviews and CannaBlog;<br><br>Defendant. | No.<br><br>**COMPLAINT**<br><br>**Federal Trademark Infringement; Federal Cybersquatting**<br><br>(Jury Trial Demanded) |

For its complaint against Defendant, Plaintiff Plexus Worldwide, LLC alleges as follows:

1. There can be no clearer case of bad faith domain name cybersquatting under the laws of the United States.  This action arises from the bad faith registration by Defendant of internet domain names containing the trademarks of Plaintiff in violation of 15 U.S.C. § 1114 and 15 U.S.C. § 1125(d) and the name of Plaintiff's President and co-owner, Alec Clark.  After registering the domain names, Defendant offered to sell the domain names to Plaintiff for $5,000, failing which Defendant said he would sell them to someone else.

2. In April and May 2017, Defendant registered the domain names <PlexusLife.Live>, <PlexusLive.Reviews>, and <AlecClark.Live> (the "Domain Names") using his personal name, Rex Powers, and the alias "Willie Blackjack." The *whois* reports

1

for the Domain Names are attached hereto as <u>Exhibit A</u>. The reports show that Defendant identified the domain name Registrant organization as either "Live Reviews" or "CannaBlog." Providing material and misleading false contact information when applying for the registration of a domain name is evidence of bad faith supporting a cybersquatting claim under 15 U.S.C. § 1125(d)(B)(i)(VII).

3. On May 12, 2017, Defendant contacted Plaintiff by email trying to sell the Domain Names to Plaintiff. Defendant also advised Plaintiff that he also intended to build social media platforms under the handles PlexusLifeLive (Facebook) and @PlexusLifeLive (Twitter). According to Defendant, the only way to stop Defendant from using the Domain Names was for Plaintiff to pay Defendant $5,000. Defendant wrote, "If not then I will sell them to a third party." See <u>Exhibit B</u>.

4. Plaintiff brings this complaint in order to remedy Defendant's cybersquatting and trademark infringement and prevent Defendant from profiting from the Domain Names or engaging in other unlawful conducting using the PLEXUS® trademark or the name of any Plaintiff corporate officer or owner, including Alec Clark.

## **THE PARTIES**

5. Plaintiff Plexus Worldwide, LLC is an Arizona limited liability company with its principal place of business in Scottsdale, Arizona.

6. Defendant Rex Powers is a resident of Phoenix, Arizona. Defendant registered two of the subject Domain Names under the fake name "Willie Blackjack" and identified his "organization" as either "CannaBlog" or "Live Reviews."

7. On information and belief, Defendant is married to Barbara Graham Powers. Plaintiff reserves the right to add Mrs. Powers as an additional defendant if discovery reveals that the actions of Defendant were undertaken for the benefit of the marital community or if Mrs. Powers participated in the alleged conduct.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to Section 39 of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to the claims occurred in this District. Furthermore, the registrar of the Domain Names is located in this District.

10. This Court has personal jurisdiction over Defendant because Defendant is a resident of this District.

## FACTS

### The Plexus Trademarks

11. Since at least as early as September 2008 and continuously since then, Plexus has been distributing in the United States and around the world a variety of cosmetic, dietary, nutritional, health and wellness products under the PLEXUS® trademark.

12. The PLEXUS® products include, *inter alia*, cosmetics, protein drink mixes, dietary and nutritional supplements, nutritional supplements for weight loss, powdered dietary supplement drink mixes, and related products.

13. Plexus is the owner of the following federal trademark registrations, which are valid and subsisting (collectively, the "PLEXUS® Trademarks"):

- PLEXUS®, Reg. No. 5,017,984, issued August 9, 2016, based on use since April 2008 for "Non-medicated skin care creams and lotions" in Class 3 and use since September 2009 for "Dietary supplements" in Class 5;

- PLEXUS (stylized color), Reg. No. 5,017,983, issued August 9, 2016, based on use since April 2008 for "Non-medicated skin care creams and lotions" in Class 3 and use since September 2009 for "Dietary supplements" in Class 5;

- PLEXUS (stylized), Reg. No. 5,017,982, issued August 9, 2016, based on use since April 2008 for "Non-medicated skin care creams and lotions" in Class 3 and use since September 2009 for "Dietary supplements" in Class 5;

- PLEXUS 96®, Reg. No. 4,649,105 issued on December 2, 2014, based on use since October 10, 2012, for "Nutritional supplements in the form of protein based drink mix" in Class 5;

- PLEXUS EASE (and design), Reg. No. 4,967,752, issued May 31, 2016, based on use since June 9, 2015, for "Cosmetic preparations, namely, creams that provide comfort while moisturizing the skin" in Class 3 and "Dietary Supplement for relief of discomfort due to an active lifestyle" in Class 5.

- PLEXUS EASE®, Reg. No. 4,967,753, issued May 31, 2016, based on use since June 9, 2015, for "Cosmetic preparations, namely, creams that provide comfort while moisturizing the skin" in Class 3 and "Dietary Supplement for relief of discomfort due to an active lifestyle" in Class 5;

- PLEXUS MEGAX (stylized color), Reg. No 4,859,885 issued November 23, 2015, based on use since June 8, 2015, for "Dietary and nutritional supplements" in Class 5;

- PLEXUS MEGAX (stylized), Reg. No 4,859,884 issued November 23, 2015, based on use since June 8, 2015, for "Dietary and nutritional supplements" in Class 5;

- PLEXUS MEGAX®, Reg. No. 4,859,883 issued November 24, 2015, based on use since use since June 8, 2015, for "Dietary and nutritional supplements" in Class 5;

- PLEXUS SLIM®, Reg. No. 5,035,438 issued September 6, 2016, based on use since August 20, 2009, for "Powdered fruit-flavored dietary supplement drink mix" in Class 5;

- PLEXUS SLIM (stylized), Reg. No. 3,844,010 issued September 7, 2010, based on use since August 20, 2009, to identify for "Powdered fruit-flavored dietary supplement drink mix" in Class 5;

- PLEXUS SLIM ACCELERATOR®, Reg. No. 4,655,843 issued December 16, 2014, based on use since November 1, 2011, for "Dietary and nutritional supplements used for weight loss" in Class 5;

- PLEXUS WORLDWIDE (stylized color), Reg. No. 4,944,438 issued April 26, 2016, based on use since March 25, 2015, for "Dietary and nutritional supplements" in Class 5;

- PLEXUS WORLDWIDE (stylized), Reg. No. 4,944,515 issued April 26, 2016, based on use since March 25, 2015, for "Dietary and nutritional supplements" in Class 5; and

- PLEXUS WORLDWIDE®, Reg. No. 4,500,409 issued March 25, 2014, based on use since September 2009 for "Cosmetics" in Class 3 and "Dietary supplement" in Class 5.

14. The foregoing registrations evidence the ownership and exclusive right by Plaintiff to use the PLEXUS® Trademark to identify various cosmetic, dietary, nutritional, health and wellness products in the United States. True and correct copies of the registration certificates are attached to this Complaint. (Exhibit C)

15. Plaintiff has spent significant time and money to produce, distribute, and promote the products identified by the PLEXUS® Trademarks.

16. As a result of long, continuous and widespread use and promotion of the PLEXUS® Trademarks by Plaintiff in association with cosmetic, dietary, nutritional, health and wellness products, the relevant consuming public identifies the PLEXUS® Trademarks exclusively with the goods and services of Plaintiff, creating valuable intellectual property rights and goodwill for Plaintiff.

17. The President and co-owner of Plaintiff is Alec Clark. Mr. Clark first joined Plaintiff as CMO in 2011 and became a co-owner in 2012.

18. Mr. Clark oversees many of Plaintiff's external and consumer-facing departments, including those responsible for events, education, sales, business development, communications, social media and community involvement. Mr. Clark's association with Plaintiff is well-known in the industry such that the name ALEC CLARK™ functions as a source identifier for the services and products offered by Plaintiff.

19. Plaintiff has valuable rights in the ALEC CLARK™ trademark.

**Defendant's Wrongful Actions**

20. On or about April 14, 2017, Defendant registered the domain name <plexuslife.live>, identifying his name as "Willie Blackjack" and his organization as "CannaBlog." See Exhibit A.

5

21. On or about April 17, 2017, Defendant registered the domain name <plexuslive.reviews>, identifying his name as "Willie Blackjack" and his organization as "Live Reviews." See Exhibit A.

22. On or about May 9, 2017, Defendant registered the domain name <alecclark.live>, identifying his organization as Live Reviews. See Exhibit A.

23. The registration records for each of the Domain Names uses the address 40914 N. 3rd Ave, Phoenix, AZ 85086.

24. According to the Maricopa County Assessor, 40914 N. 3rd Ave, Phoenix, AZ 85086 is a residential parcel owned by Rex Allen Powers and Barbaara [*sic*] Jo Powers. See Exhibit D.

25. Defendant has never been known by the names PLEXUS or ALEC CLARK.

26. Defendant has never used the names PLEXUS or ALEC CLARK as a corporate or business name.

27. Defendant has never offered any goods or services under the names PLEXUS or ALEC CLARK.

28. Defendant has no trademark or other intellectual property rights in the names PLEXUS or ALEC CLARK.

29. Defendant is not affiliated with Plaintiff and has never been affiliated with Plaintiff.

30. Defendant has never been granted authority to register the Domain Names.

31. Defendant is not authorized or licensed to use the PLEXUS® Trademarks or the ALEC CLARK™ trademark for any purpose.

32. Defendant's registration of the Domain Names was made willfully and in bad faith, with a deliberate intent to profit from the PLEXUS® Trademarks and ALEC CLARK™ trademark and to deceive consumers and with an indifference to the rights of Plaintiff.

33. Defendant intends to create social medial handles and pages on Facebook and Twitter using the PLEXUS® trademark.

34. The use by Defendant of the PLEXUS® trademark as a social media handle on Facebook and Twitter is likely to damage Plaintiff by causing consumer confusion, mistake or deception.

35. By the above acts, Defendant has violated the rights and irreparably damaged the name, reputation and goodwill of Plaintiff and have profited unlawfully thereby.

36. By the above acts, Defendant has deprived Plaintiff of the ability to use and control its own federally-registered and common law trademarks as Internet domain names and social media handles.

## FIRST CLAIM FOR RELIEF

### Federal Trademark Infringement

37. Plaintiff incorporates in this First Claim for Relief all previous allegations contained in this Complaint, which are incorporated by reference as though fully stated herein.

38. The PLEXUS® and ALEC CLARK™ trademarks are distinctive trademarks used in interstate commerce to identify the goods and services of Plaintiff.

39. Plaintiff is the owner of the federal registrations for the PLEXUS® Trademarks.

40. The federal trademark registrations of the PLEXUS® Trademarks are current, valid and subsisting.

41. Defendant has registered the PLEXUS® and ALEC CLARK™ trademarks in the Domain Names in bad faith.

42. Defendant has registered the PLEXUS® and ALEC CLARK™ trademarks with an intent to profit from Plaintiff's trademarks.

43. Defendant has offered to sell the Domain Names to Plaintiff for a price that far exceeds Defendant's cost to register the Domain Names.

44. Defendant has threatened to sell the Domain Names to a third party if Plaintiff does not pay Defendant $5,000.

45. Defendant has threatened to launch social medial pages and accounts using the PLEXUS™ Trademarks in connection with the advertisement of goods or services.

46. Defendant's unauthorized registration of the Domain Names, which are confusingly similar to the PLEXUS® and ALEC CLARK™ trademarks, is likely to cause confusion, mistake or deception because the public is likely to believe mistakenly that any goods or services offered at the Domain Names have their source or origin with Plaintiff or are in some manner are approved by, associated with, sponsored by or connected with Plaintiff, all in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

47. Defendant's registration of the Domain Names and threat to use the PLEXUS® Trademarks with social media accounts is done in a manner calculated to capture initial consumer attention, which constitutes initial interest confusion under federal trademark law.

48. Upon information and belief, Defendant's infringement of the registered PLEXUS® Trademarks and the ALEC CLARK™ trademark is willful and is intended to trade on the reputation and goodwill of Plaintiff.

49. Upon information and belief, Defendant's actions were undertaken with the intent to confuse and deceive the public.

50. The conduct and threatened conduct of Defendant has caused and will continue to cause immediate and irreparable injury to Plaintiff and to its goodwill and reputation, and will continue both to damage Plaintiff and deceive the public unless enjoined by this Court.

51. Defendant should be, upon final hearing, permanently enjoined from using or selling the Domain Names or using the PLEXUS® Trademarks or ALEC CLARK™ trademark or reproducing, counterfeiting, copying, or making a colorable imitation of the word PLEXUS® on any web sites or social media accounts or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of any goods or services, pursuant to 15 U.S.C. § 1116.

52. Plaintiff is entitled, under 15 U.S.C. § 1117, to recover from Defendant: (i) Defendant's profits, (ii) damages sustained by Plaintiff, (iii) the costs of this action, and (iv) for intentional infringement, bad faith and willful conduct, three times profits or damages,

whichever is greater, and attorneys' fees.  Furthermore, Plaintiff is entitled to an order under 15 U.S.C. § 1118 compelling Defendant to destroy all materials (including websites) bearing the words "Plexus" or "Alec Clark."

## SECOND CLAIM FOR RELIEF

## Anti-Cybersquatting Consumer Protection Act

53.     Plaintiff incorporates in this Second Claim for Relief all previous allegations contained in this Complaint, which are incorporated by reference as though fully stated herein.

54.     Plaintiff owns and has superior rights against Defendant in and to the PLEXUS® Trademarks and ALEC CLARK™ trademarks.

55.     The Domain Names incorporate, in whole or in part, and the distinctive portions of the Domain Names are identical or confusingly similar to the PLEXUS® Trademarks and ALEC CLARK™ trademark of Plaintiff.

56.     Defendant registered or caused to be registered the Domain Names with the bad faith intent to profit from Plaintiff's PLEXUS® and ALEC CLARK™ trademarks under 15 U.S.C. § 1125(d)(1)(B).

57.     Defendant has no trademark or other intellectual property rights in the Domain Names.

58.     The Domain Names do not consist of the legal name of Defendant or a name that is otherwise commonly used to identify Defendant.

59.      Defendant has not made prior use of the Domain Names in connection with the bona fide offering of any goods or services.

60.     Defendant has offered to transfer, sell, or otherwise assign the Domain Names to Plaintiff as the trademark owner for financial gain and without having used the Domain Names in the *bona fide* offering of any goods or services.

61.     Defendant has stated an intent to transfer, sell, or otherwise assign the Domain Names to a third party for financial gain if Plaintiff does not purchase the Domain Names

from Plaintiff and without having used the Domain Names in the *bona fide* offering of any goods or services.

62. Defendant has a history and prior conduct of registering and selling domain names at a profit, as evidenced by Defendant's Twitter feed.  See Exhibit E.

63. Defendant provided material and misleading false contact information when applying for the registration of the Domain Names and has intentionally failed to maintain accurate contact information.

64. Defendant registered multiple domain names which Defendant knew were identical or confusingly similar to Plaintiff's trademarks that were distinctive at the time of registration of such domain names.

65. For the foregoing reasons, Defendant's registration of the Domain Names violates Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

66. The conduct of Defendant is causing immediate and irreparable injury to Plaintiff and to its goodwill and reputation, and will continue both to damage Plaintiff and deceive the public unless enjoined by this Court.

67. Plaintiff is entitled, under 15 U.S.C. § 1117, to recover from Defendant: (i) Defendant's profits, (ii) damages sustained by Plaintiff, and (iii) the costs of this action.

74. At its election and in lieu of actual damages and profits, Plaintiff is entitled to recover from Defendant statutory damages in the amount of not less than $1,000 and not more than $100,000 per domain name, pursuant to 15 U.S.C. § 1117(d).

## **Jury Demand**

68. Plaintiff requests a trial by jury for all issues so triable.

**WHEREFORE**, Plaintiff requests judgment against Defendant as follows:

A. Permanently enjoining and restraining Defendant, its agents, servants, employees, successors, affiliated companies, and assigns and all others in concert with him from:

    (1) using the Domain Names;

    (2) transferring the Domain Names to anyone other than Plaintiff;

(3) registering, maintaining or renewing any Internet domain name representing or incorporating the word "PLEXUS," any part of any of the PLEXUS® Trademarks, the words "ALEC CLARK," or any other similar mark, word or name;

(4) selling or offering for sale any products or services bearing the PLEXUS® or ALEC CLARK™ trademarks or any variations or combinations of "PLEXUS" as a trademark or service mark for any goods or services;

(5) using the PLEXUS® or ALEC CLARK™ trademarks or any variations or combinations of "PLEXUS" in or as part of the title or name of any business or service or commercial activity or social media account or website;

(6) using the PLEXUS® or ALEC CLARK™ trademarks or any other similar mark, word or name as a trademark, service mark, trade name or corporate name in any manner likely to cause confusion, mistake or deception with Plaintiff or any goods or services offered by Plaintiff;

B. Directing Defendant to cause the Domain Names to be transferred to Plaintiff;

C. Awarding profits and compensatory damages suffered by Plaintiff, in an amount to be proven at trial, as a result of Defendant's acts complained of herein, all trebled pursuant to 15 U.S.C. § 1117(b);

D. For intentional trademark infringement, bad faith and willful conduct, awarding Plaintiff three times Defendant's profits or Plaintiff's damages, whichever is greater, and attorneys' fees;

E. Directing Defendant to destroy all materials (including websites) bearing the words "Plexus" or "Alec Clark";

F. At Plaintiff's election under 15 U.S.C. § 1117(d), awarding Plaintiff statutory damages in the amount of not less than $1,000 and up to $100,000 per Domain Name for Defendant's bad faith registration and/or use of the Domain Names, as the Court considers just;

G.    To the extent Plaintiff does not receive an adequate remedy under paragraphs A-F, awarding Plaintiff equitable damages equal to the full amount by which Defendant has been unjustly enriched as a result of his unlawful activities;

H.    Awarding Plaintiff's costs, disbursements, and attorneys' fees incurred in bringing this action;

I.    Awarding Plaintiff punitive damages as provided by law; and

J.    Awarding such other and further relief as the Court deems just and proper.

DATED this 12th day of May, 2017.

**HARTMAN TITUS PLC**

By: /s/ Bradley P. Hartman
Bradley P. Hartman
John D. Titus
7114 E. Stetson Drive, Suite 205
Scottsdale, Arizona 85251-3250
Attorneys for Plaintiff